

James Kim
T: +1 212 479 6256
jameskim@cooley.com

Via ECF

September 24, 2025

Hon. Dale E. Ho
United States District Judge
Southern District of New York
40 Foley Square, Courtroom 905
New York, NY 10007

**Re:** *Lowe v. MoneyLion Technologies Inc.*, **Case No. 1:25-cv-04098**
**Defendant's August 12, 2025 Motion (ECF Nos. 30-32)**

Dear Judge Ho:

On behalf of Defendant MoneyLion Technologies Inc. ("MoneyLion"), we write regarding MoneyLion's Motion to Dismiss the Amended Complaint or, Alternatively, to Compel Arbitration filed on August 12, 2025 (the "August 12 Motion"). *See* ECF Nos. 30–32. For the reasons discussed below, MoneyLion asks that the Court consider the motion in reverse order and treat it as a Motion to Compel Arbitration or, Alternatively, to Dismiss the Amended Complaint.

In *Doyle v. UBS Financial Services, Inc.*, the Second Circuit recently held that a defendant waives its right to compel arbitration by engaging in conduct "inconsistent with the right to arbitrate," including by seeking to compel arbitration "*only after [its] motion to dismiss [is] denied*." 144 F.4th 122, 131–33 (2d Cir. 2025) (emphasis in original). Here, MoneyLion has not waived its right to compel arbitration—and Plaintiffs have not contended otherwise. MoneyLion moved to compel arbitration twice, first following Plaintiff's original complaint and again following Plaintiffs' amended complaint. *See* ECF Nos. 18–20, 30–32. And while MoneyLion filed its motion to compel jointly with a motion to dismiss, its filing expressly sought to invoke—not "knowingly relinquish"—the right to arbitrate. *Doyle*, 144 F.4th at 130. Thus, unlike the *Doyle* defendants, who sought to compel arbitration "only after their motion to dismiss was denied," MoneyLion presented arbitration as an alternative to dismissal at the first opportunity. *Id.* at 131.

Nonetheless, another judge in this District recently raised the question whether a similar motion to dismiss that sought to compel arbitration in the alternative could arguably be construed as a waiver of arbitration rights under *Doyle*. *See Feeman v. Bridge IT, Inc.*, Case No. 25-cv-3806-LJL at ECF No. 39. In addressing the court's question, the defendant in that case (represented by the same counsel as MoneyLion here) requested that the court resolve its motion in reverse order and treat it as a motion to compel arbitration or, alternatively, to dismiss. *Id.* at ECF No. 48. In a subsequent order, the *Feeman* court described the defendant's pending motion as a "motion to compel arbitration or to dismiss the complaint." *Id.* at ECF No. 49.

Accordingly, in the interest of efficiency and to avoid any doubt about waiver, MoneyLion makes the same request with respect to the August 12 Motion: that the Court decide the motion to compel arbitration first and only entertain the motion to dismiss in the event it denies the motion to compel.

To the extent the Court has any questions about these matters, MoneyLion respectfully requests the opportunity to submit a letter of no more than three pages, in accordance with Rule 2(a)(ii) of Your Honor's

# Cooley

September 24, 2025
Page Two

Individual Rules and Practices in Civil Cases.  We are also available to discuss these issues at the Court's convenience.

Sincerely,

James Kim
Ephraim McDowell (*pro hac vice* application pending)

Cooley LLP   55 Hudson Yards   New York, NY   10001-2157
t: +1 212 479 6000  f: +1 212 479 6275  cooley.com