UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES LOWE, MICHAEL COLLINS, and RAE FULLER, individually, and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>MONEYLION TECHNOLOGIES INC., d/b/a MONEYLION,<br><br>　　　　　　Defendant. | 1:25-cv-04098-DEH-SLC |

**RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant MoneyLion Technologies Inc. respectfully submits this response to the Notice of Supplemental Authority filed by Plaintiffs on November 6, 2025, arguing that the decision in *Revell v. Grant Money, LLC*, No. 25-cv-5994 (N.D. Cal. Nov. 5, 2025), supports their arguments that Instacash is "consumer credit" and that optional express-delivery fees are "finance charges" under the Military Lending Act (MLA) and Truth in Lending Act (TILA). *See* ECF No. 49. *Revell* is unpersuasive for multiple reasons.

*First*, the decision rests on the erroneous premise that "customers [cannot] cancel a scheduled repayment." ECF No. 49-1 at 4; *see id.* at 17. In fact, the unambiguous contractual terms in that case allow customers to cancel a debit by emailing the provider three business days before the scheduled repayment date. *See Revell*, No. 25-cv-5994 (N.D. Cal. Aug. 8, 2025), ECF No. 31-1 at 10–11 (ECF pagination). In any event, that premise does not apply to MoneyLion. Instacash customers have the absolute right to cancel repayment simply by removing their payment method in the MoneyLion app or contacting customer service. *See* MoneyLion's Reply Br. at 2–6; Ex. F at 37.

*Second*, *Revell* interpreted the term "debt" to mean any "functional, transactional obligation to repay," rather than a "*legal* obligation to repay." ECF No. 49-1 at 17. In so doing, *Revell* relied on *Orubo v. Activehours, Inc.*, 780 F. Supp. 3d 927, 933 (N.D. Cal. 2025), even though *Orubo* never analyzed the term "debt." *See* Reply Br. at 6. Under standard dictionary and legal definitions, there can be no "debt" without a contractual or legal obligation to repay—and Instacash carries no such obligation. But even assuming *Revell*'s "functional obligation" standard applied, that standard would not be met here because customers can and do exercise their right to revoke their debit authorization. Just as enrolling in autopay for a subscription service does not make a consumer *functionally obligated* to subscribe for the following month—because autopay

can be cancelled—Instacash customers are not *functionally obligated* to repay merely because they initially provide a revocable debit authorization when requesting the product.

*Third*, the court concluded that the absence of "*legal* recourse if customers fail to repay does not mean that customers have no obligation to repay whatsoever." ECF No. 49-1 at 15. In reaching this conclusion, the court cited only one decision outside the line of cases started by *Orubo*. That unreported decision, *Olson v. Unison Agreement Corp.*, 2025 WL 2254522 (9th Cir. Aug. 7, 2025), applied Washington state law to a reverse-mortgage arrangement. There, the defendant plainly *did* have recourse in the form of an option to purchase equity in plaintiff's home, "secured by a deed of trust recorded on the property." *Id.* at *1. The court thus found that the plaintiff had a repayment obligation because the "future contingency is *[defendant's] election* to exercise its option." *Id.* at *4. Here, however, Instacash *customers*—not MoneyLion—elect whether to repay or to revoke their authorization, and MoneyLion has no recourse, legal or otherwise, if customers choose the latter.

*Finally*, the *Revell* court incorrectly held that "expedite fees constitute finance charges even though the expedite fees are not expressly mandatory." ECF No. 49-1 at 18. The court ignored *Veale v. Citibank, F.S.B.*, 85 F.3d 577 (11th Cir. 1996), which concluded the opposite, and disregarded that "finance charges" are only fees "*imposed* . . . by the creditor." 12 C.F.R. § 1026.4(a) (emphasis added). "Impose" means "to establish or apply by authority." Impose, *Merriam-Webster Online Dictionary*, https://www.merriam-webster.com/dictionary/impose (last visited Nov. 14, 2025). The key question is therefore whether MoneyLion "imposes" a Turbo Fee on a customer before they may obtain credit—and the answer is no.

|  |  |
|---|---|
| Dated: November 14, 2025 | By: /s/ *Ephraim McDowell* |
| | Ephraim McDowell (*pro hac vice*) |
| | COOLEY LLP |
| | 1299 Pennsylvania Avenue NW, Suite 700 |
| | Washington, DC  20004-2400 |
| | Tel: (202) 842-7800 |
| | emcdowell@cooley.com |
| | |
| | James Kim (NY 3018397) |
| | Kaitland Kennelly (NY 5211487) |
| | Hugh Hamilton (NY 5825674) |
| | COOLEY LLP |
| | 55 Hudson Yards |
| | New York, NY 10001-2157 |
| | Tel: (212) 479-6000 |
| | jameskim@cooley.com |
| | kkennelly@cooley.com |
| | hhamilton@cooley.com |
| | |
| | *Attorneys for Defendant MoneyLion Technologies Inc.* |