UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES LOWE, MICHAEL COLLINS, and RAE FULLER, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MONEYLION TECHNOLOGIES INC., d/b/a MONEYLION,<br><br>Defendant. | 1:25-cv-04098-DEH-SLC |

**RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant respectfully submits this response to the Notice of Supplemental Authority filed by Plaintiffs on February 18, 2026, arguing that the decision in *Burrison v. FloatMe Corp.*, No. 25-cv-10885 (D. Mass. Feb. 17, 2026), supports their arguments. *See* ECF No. 55-1 ("Op.").

*Burrison* has the least bearing on this case of the decisions citing *Orubo v. Activehours, Inc.*, 780 F. Supp. 3d 927 (N.D. Cal. 2025), because the *Burrison* defendant's motion to compel arbitration "***did not address***" at all the central issues in this case—whether MoneyLion "imposes" finance charges on extensions of "credit." Op. 10 (emphasis added). This deprived the *Burrison* court of any presentation on the key statutory interpretation questions, leaving it to largely rely on the incorrect analyses of *Orubo* and its followers.

As a result, like *Orubo*, the *Burrison* court eschewed any analysis of the statutory term "debt," skipping directly to non-binding agency guidance. *See* Op. 12. It also failed to reference the user's right to avoid repayment by revoking the debit authorization. And in its "finance charge" analysis, the court failed to grapple with the threshold requirement that a finance charge must be "imposed" by the alleged creditor, 12 C.F.R. § 1026.4(a) (emphasis added), relying instead on an *Orubo* string cite, Op. 15.[1]

For these reasons, *Burrison* merits no weight here.

---

[1] *Burrison* also incorrectly refers to the recent CFPB Advisory Opinion as an "interpretive rule" and declined to consider it "retroactively." Op. 15 n.7. But the Advisory Opinion is not a rule, interpretive or otherwise, that raises retroactivity concerns; it is persuasive authority because of its textual and legal analysis, and its disavowal of the proposed interpretive rule that *Orubo* improperly relied on. *See* Truth in Lending (Regulation Z); Nonapplication to Earned Wage Access Products, 90 Fed. Reg. 60069 (Dec. 23, 2025).

| | |
|---|---|
| Dated: February 27, 2026 | By:    */s/ James Kim* |

        James Kim (NY 3018397)
        Kaitland Kennelly (NY 5211487)
        Hugh Hamilton (NY 5825674)
        COOLEY LLP
        55 Hudson Yards
        New York, NY 10001-2157
        Tel: (212) 479-6000
        jameskim@cooley.com
        kkennelly@cooley.com
        hhamilton@cooley.com

        Ephraim McDowell (*pro hac vice*)
        COOLEY LLP
        1299 Pennsylvania Avenue NW, Suite 700
        Washington, DC 20004-2400
        Tel: (202) 842-7800
        emcdowell@cooley.com

        *Attorneys for Defendant Bridge IT, Inc., d/b/a Brigit*